IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKSON C., <br><br>           **Petitioner,** <br><br> v. <br><br> DEPARTMENT OF IMMIGRATION CUSTOMS ENFORCEMENT; MERRICK B. GARLAND; and ALEJANDRO MAYORKAS, Secretary of Homeland Security, <br><br>           **Respondents.** | Case No.  22-cv-116-JFH-GLJ |

## OPINION AND ORDER

Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus ("Petition") [Dkt. No. 7] brought under 28 U.S.C § 2241. Dkt. No. 7. The Federal Respondents filed a response brief in opposition to Plaintiff's Petition [Dkt. No. 9], and Petitioner filed a reply [Dkt. No. 17]. Petitioner subsequently filed a motion for injunctive relief requesting that he be released from custody [Dkt. No. 19], which the Federal Respondents again opposed [Dkt. No. 20]. Once fully briefed, the undersigned referred the matters to Magistrate Judge Gerald Jackson, who issued a report and recommendation ("R&R"). Dkt. No. 23. In the R&R, Judge Jackson recommended that the Petition be granted to the extent Petitioner, who was then detained under 8 U.S.C. § 1226, was entitled to a bona fide bond hearing. *Id*. at 23. Judge Jackson recommended that Petitioner's other requested relief be denied. *Id*.

The Federal Respondents filed an objection to the R&R ("Objection") [Dkt. No. 28] and Petitioner filed a brief in opposition to the Objection [Dkt. No. 32]. For the reasons stated, the

Court ACCEPTS in part and REJECTS[1] in part the R&R in this case, and GRANTS Petitioner's Amended Petition for Writ of Habeas Corpus to the limited extent described hereinbelow.

## BACKGROUND

Petitioner is a citizen of Tanzania who legally entered the United States in 2001 under an F-1 visa, eventually obtaining two degrees. Dkt. No. 1 at ¶ 1.1. In 2003, Plaintiff married and was granted lawful permanent resident status. *Id*. at ¶ 1.2. On June 2, 2018, the Tulsa Police Department responded to a domestic altercation at the home of Petitioner and his then-wife. Dkt. No. 9, Ex. 3 at pp. 1-2. Petitioner was charged and pled guilty to several offenses stemming from the incident. Dkt. No. 1 at ¶ 1.3.

On December 6, 2019, Petitioner was sentenced in Tulsa County District Court to a three (3) year suspended sentence. Dkt. No. 9, Ex. 2. On August 20, 2021, the state district court issued a Notice of Termination of Active Probation Supervision, noting that Petitioner had complied with all rules and conditions of his supervision to date and thus the remainder of his "supervision will not be actively supervised by a probation officer." Dkt. No. 1 at p. 6.

Days later, on August 25, 2021, Petitioner was detained by Immigration and Customs Enforcement ("ICE") and issued a Notice to Appear, which explained that Petitioner was removeable from the United States under 8 U.S.C. § 1227 based on his 2019 convictions. *Id*. at ¶ 1.4; *see also* Dkt. No. 9, Ex. 1. The following month, Petitioner sought but was denied a custody redetermination. Dkt. No. 9, Ex. 5. Petitioner filed an appeal, which the Board of Immigration

---

[1] The Court's partial "rejection" of the R&R is due neither to misapplication of law nor misapprehension of fact; the R&R's analysis is legally sound based on the facts in existence at that time. As explained below, developments in Petitioner's immigration proceedings after the parties' briefing (and the issuance of the R&R based on that briefing) have changed the factual landscape and, thus, the applicable law. Rather than return the issue to the magistrate, the undersigned addresses the matter in this Order to avoid any further delay in resolution.

Appeals ("BIA") denied without written opinion on March 9, 2022.  Dkt. No. 9, Ex. 6.  On May 4, 2022, another Immigration Judge held a hearing on Petitioner's separate application for asylum and withholding of removal, which the Immigration Judge denied the same day.  Dkt. No. 20, Ex. 1.  Petitioner appealed this decision to the BIA as well.  *Id*.

On June 6, 2022, as the appeal regarding his asylum application remained pending before the BIA, Petitioner filed the operative Amended Petition for Writ of Habeas Corpus ("Petition") in the United States District Court for the Eastern District of Oklahoma.[2]  Dkt. No. 7.  In his Petition, Petitioner asserted (i) that he had been detained for an unreasonable period of time without a bond hearing and (ii) that his detention was unlawful as applied to him because he was not detained upon a release from custody (Petitioner was never in custody), which he argues is required by 8 U.S.C. § 1226(c).  *Id*.

Thereafter, on September 30, 2022, the BIA affirmed the Immigration Judge's May 4, 2022, denial of Petitioner's asylum application and dismissed Petitioner's appeal.  Dkt. No. 20, Ex. 1.  The BIA agreed with the Immigration Judge that Petitioner neither timely filed his asylum application nor provided adequate evidence to support his claim that he would be at risk of torture upon his return to Tanzania.  *Id*.  Petitioner has appealed this decision to the Fifth Circuit, *Chiwanga v. Attorney General of the United States*, Case No. 22-60573.[3]

---

[2] Petitioner, a resident of Oklahoma who resided within the geographical territory comprising the Eastern District, filed his initial Petition on April 11, 2022 [Dkt. No. 1], while detained in the Moore Detention Center in Okmulgee, Oklahoma, which is also within this district.  "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (citing *Ex Parte Endo*, 323 U.S. 283, 306 (1944)).

[3] The Court may take "judicial notice of publicly-filed records in our court and other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192, n. 5 (10th Cir. 2007).

3

With respect to the instant dispute, simply put, in both his Petition and his Motion for Preliminary Injunction [Dkt. No. 19], Petitioner seeks release from custody.  The R&R did not recommend immediate release from custody, but that Petitioner was entitled to a bona fide bond hearing within thirty (30) days of this Court's order becoming final, at which hearing the Government should bear the burden of justifying Petitioner's detention by clear and convincing evidence.  Dkt. No. 23.

## STANDARD OF REVIEW

When a party objects to an R&R, the Court is statutorily required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

## AUTHORITY AND ANALYSIS

In the Objection, the Federal Respondents assert that the R&R [Dkt. No. 23] is both clearly erroneous and contrary to law.  Dkt. No. 28 at 2; *see also* FED. R. CIV. P. 72(a).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A magistrate's finding is contrary to law where "the decision in question involves legal rather than factual issues." *Bryant v. Hilst*, 136 F.R.D. 487, 488 (D. Kan. 1991).

The Federal Respondents' Objection does not specify which portions of the arguments therein relate to their "clearly erroneous" or "contrary to law" positions. Instead, the Federal Respondents argue (i) that Petitioner's detention is "post-removal" under 8 U.S.C. § 1231 by virtue of the BIA's September 30, 2022, dismissal of Petitioner's appeal, (ii) that the dismissal constitutes a final order of removal, and (iii) that the length of Petitioner's detention pending removal is "presumptively reasonable" based on the United States Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Dkt. No. 28 at 2-3. As explained below, this argument was not before Magistrate Judge Jackson in formulating the R&R. The Federal Respondents further argue, in the alternative, that the detention is proper because it is not "indefinite," as Petitioner "is subject to a final order of removal" due to the BIA's September 20, 2022, dismissal of his appeal. *Id*. at 3.

Petitioner responds first that the Federal Respondents' *Zadvydas* argument (that Petitioner's detention is in fact post-removal under § 1231 and is presumptively reasonable based on that decision) is waived because it was raised for the first time in the Objection to the R&R. Dkt. No. 32 at 2; *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objection to the magistrate judge's recommendation are deemed waived."). The Court declines to adopt this argument under the narrow, specific circumstances present here. Indeed, Petitioner himself cited portions of *Zadvydas* in his Petition for Habeas Corpus. Dkt. No. 7 at 6. However, the Court notes that *Zadvydas* specifically involved the reasonableness of the duration of a <u>post-removal detention</u> under 8 U.S.C. § 1231, whereas the R&R and the parties' briefing concerned <u>mandatory detention</u> under 8 U.S.C § 1226. It is also clear that the Federal Respondents raised the post-removal argument for the first time in the Objection. Dkt. No. 28.

The Court is well aware that arguments raised for the first time in an Objection to an R&R, which arguments the magistrate naturally did not consider, are typically waived. *Marshall v.*

5

*Charter*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030-31 (10th Cir. 2001) ("In this Circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Here, however, the Court is hesitant to toss out the Federal Respondents' § 1231 post-removal argument because it is not a "theory" as much as a reflection of factual reality, which has developed and changed as Petitioner's immigration proceedings have progressed.

To illustrate: the Federal Respondents filed their response brief in opposition to Petitioner's Habeas Petition on July 14, 2022, arguing that Petitioner was subject to mandatory detention under § 1226, and therefore the district court was legally incapable of ordering his release. Dkt. No. 9.[4] More than two (2) months later, on September 30, 2022, the BIA issued an order affirming the Immigration Judge's denial of asylum and order of removal, which the Federal Respondents now consider a "final order" that recategorizes Petitioner's detention from mandatory under 8 U.S.C. § 1226 to post-removal under 8 U.S.C. § 1231. Dkt. No. 20, Ex. 1; *see also* Dkt. No. 28.

The Federal Respondents did not supplement their briefing to include an argument that this BIA decision rendered Petitioner's detention post-removal under § 1231, rather than mandatory under § 1226. The Court stresses that supplementation in advance of the R&R would have been the ideal and proper course of conduct. For example, the Federal Respondents' briefing that *was* before the magistrate explicitly stated that Petitioner "is not subject to post-order custody." Dkt. No. 9 at 3. Magistrate Judge Jackson, although aware to the BIA's September 30, 2022, dismissal,

---

[4] Section 1226(c) governs the arrest and detention *during removal proceedings* of criminal aliens, *i.e.*, those aliens who, like petitioner, have been charged with removability under § 1227(a)(2) for committing criminal offenses.

was not equipped with any briefing as to the effect of that dismissal, and reasonably drafted the R&R with resort to the arguments and authorities then before the Court. Dkt. No. 23.[5]

The Court holds that under these specific, narrow circumstances, it will consider the arguments raised in the Federal Respondents' Objection. Dkt. No. 28. Again, taken together, the Federal Respondents argue in their Objection to the R&R that the BIA's September 30, 2022, dismissal of Petitioner's appeal constitutes a "final order of removal," that Petitioner's detention is therefore "post-removal" under 8 U.S.C. § 1231, and that the period of Petitioner's post-removal detention is presumptively reasonable under *Zadvydas*. *Id*.

Whether the Federal Respondents' argument succeeds depends first on whether the BIA's September 30, 2022, dismissal of Petitioner's appeal is in fact a final order of removal. If so, Petitioner's detention falls under 8 U.S.C. § 1231 and is presumed reasonable for a period of six (6) months from the date of the final removal order. *Zadvydas*, 533 U.S. at 701.

The Immigration and Nationality Act provides that a removal order "shall become final upon . . . a determination by the Board of Immigration appeals affirming such an order." 8 U.S.C. § 1101(a)(47). That is precisely what has occurred here. Dkt. No. 20, Ex. 1. The next question, then, is whether Petitioner's appeal to the Fifth Circuit stays or somehow renders "non-final" the BIA's decision affirming the Immigration Judge's denial of asylum and order of removal. The Court finds that it does not.

The United States Supreme Court has made clear that Congress repealed the automatic stay of removal that once existed where, as here, a petition for review is filed with an appellate court.

---

[5] Indeed, the R&R specifically noted that the Court's jurisdiction "extends only to a constitutional challenge to [Petitioner's] continued detention (and not a decision to apprehend and detain him ***or a challenge to a removal order***) . . . ." Dkt. No. 23 at 7 (emphasis added) (citing *Jennings v. Rodriguez*, __ U.S. __, 138 S. Ct. 830, 841 (2018)).

*Nken v. Holder*, 556 U.S. 418, 424-25 (2009) (noting that the previous statutory framework provided that "[t]he service of a petition for review . . . shall stay the deportation of the alien pending determination of the petition by the court . . . ."). However, "Congress repealed the presumption of an automatic stay, and replaced it with the following: 'Service of the petition . . . does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise.'" *Id*. at 425; *see also* 8 U.S.C. § 1252(b)(3)(B). The above-quoted statutory language ("unless the court orders otherwise") plainly provides appellate courts discretion to stay removal pending review of Petitioner's appeal. Here, however, the Fifth Circuit has denied two (2) separate motions by the Petitioner to stay removal.[6]

The Court holds that Petitioner's detention is properly characterized as "post-removal" by virtue of the finality of the order of removal; therefore, it is governed by 8 U.S.C. § 1231. Under § 1231, the Attorney General ordinarily must accomplish removal "within a period of 90 days" from the date of the order. 8 U.S.C. § 1231(a)(1)(A). The detention of persons ordered removed is mandatory during the 90-day period and release is statutorily prohibited. *Id*. at § 1231(a)(2). However, § 1231 also permits detention beyond the 90-day period in certain circumstances, known as "post-removal" detention. *Id*. at 1231(a)(6).[7]

The United States Supreme Court has held that six (6) months is a presumptively reasonable period of post-removal detention. *Zadvydas*, 533 U.S. at 701; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) ("the reasonable period of post-removal

---

[6] *See* n. 3, *supra*.

[7] "An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title ***or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal***, may be detained beyond the removal period and, if released, shall be subject to . . . terms of supervision . . . ." (emphasis added)

detention is presumptively six months . . . ."). Here, Petitioner's post-removal detention has lasted over eight (8) months—well outside of the period *Zadvydas* presumes reasonable. However, Federal Respondents argue that "for Petitioner to establish a prima facia claim for habeas relief, he *must* be in post-order custody for more than six months *at the time the petition is filed*." Dkt. No. 28 at 3 (emphasis added). As noted above, Petitioner initially challenged his detention pre-removal under § 1226. The Court disagrees with the Federal Respondents' strict reading and application of *Zadvydas* and its progeny. Petitioner has been in custody for nearly two (2) years, and there is no dispute that his Petition was timely when he sought release from detention under § 1226. Dkt. No. 7; *see also Denmore v. Kim*, 538 U.S. 510 (2003). The Court will not punish Petitioner because of the pace of immigration proceedings in relation to his Petition for Writ of Habeas Corpus. The Court therefore holds that Petitioner's Petition is not premature.

The final issue is whether Petitioner's current detention beyond the presumptively reasonable 6-month period is nonetheless reasonable under these circumstances. In expanding on this presumably reasonable period, the *Zadvydas* court stated that the presumption "of course, does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Here, the Federal Respondents have represented that Petitioner's removal is likely in the foreseeable future because "ICE Enforcement and Removal Operations is currently *working on executing* the order of removal and there are no legal impediments to Petitioner being removed." Dkt. No. 28 at 4 (emphasis added). Petitioner disagrees. Again, as of the date of this Order, Petitioner has been detained for nearly twenty-three (23) months, eight (8) of which are post-removal. The Court, in consideration of the length of Petitioner's pre- and post-removal detention

to date, and noting that it is unclear the additional time that may pass while ICE is "working on executing" the order of removal, holds that continued detention without due process protections cannot be overlooked.

The R&R, evaluating Petitioner's request for relief through § 1226, recommended that Petitioner be afforded a bona fide bond hearing. Dkt. No. 23 at 13. Acknowledging that Petitioner was afforded some form of bond hearing, the R&R observed that "there is noting in the record indicating whether it was a *bona fide* hearing sufficient to satisfy constitutional due process protections." *Id*. at 11 (emphasis in original). The undersigned agrees that the two-page form Order from the Immigration Judge [Dkt. No. 9, Ex. 6] is inadequate, and holds that Petitioner is entitled to a bona fide bond hearing, at which hearing the Government should bear the burden of justifying Petitioner's continued detention by clear and convincing evidence.

That the R&R's analysis was conducted under § 1226 does not preclude this Court from adopting its recommended form of relief. Critically, § 1231 contemplates that some persons detained pending removal, including those convicted of crimes such as Petitioner, may be released under supervision after the removal period ends but before they can be removed from the United States. 8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is inadmissible under section 1182 of this title, **removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4)** of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, **may be detained beyond the removal period** *and, if released, shall be subject to . . . terms of supervision* . . . .") (emphasis added).

The Court holds that the R&R was correct in concluding that Petitioner is entitled to a bona fide bond hearing at which hearing the Government bears the burden of proving the reasonableness of Petitioner's detention by clear and convincing evidence. Dkt. No. 23 at 16-17. Specifically,

10

the Government must prove by clear and convincing evidence that Petitioner's continued detention is reasonable because he poses a flight risk pending removal and/or because he is a danger to the community. *Id*.

The Court therefore adopts the R&R to the limited extent it recommends a bona fide bond hearing within thirty (30) days of the date of this order. Dkt. No. 23 at 17. The Court similarly adopts the R&R's denials of Petitioner's additional arguments for relief. The Court rejects the R&R only to the extent the legal framework through which the Court reaches its decision has changed considering developments in Petitioner's immigration proceedings. In the event the bona fide bond hearing results in Petitioner's continued detention, the Court orders the Federal Respondents to provide this Court evidence that removal will be accomplished in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

The Court is aware that the outcome of the bona fide bond hearing will not impact the immigration proceedings themselves or the Government's efforts to execute the final removal order—only whether Petitioner remains in detention or is released under supervision. Nor does this bear in any way on Petitioner's pending appeal to the Fifth Circuit, which refused to stay removal. Regardless of the outcomes of those proceedings, the Court is of the opinion that the duration of Petitioner's detention is unreasonable, and that continued detention without the due process protections ordered herein constitutes a violation of Petitioner's constitutional rights. Petitioner was entitled to a bona fide bond hearing while he was detained under 8 U.S.C. § 1226, and the apparent deficiencies in providing such hearing while the Government simultaneously pursued a final order of removal does not extinguish such entitlement.

THEREFORE, the Court ACCEPTS in part and REJECTS in part the Report and Recommendation [Dkt. No. 23], and GRANTS in PART and DENIES in part Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 7].  A bona fide bond hearing as described hereinabove shall be held within thirty (30) days of the date of this Order.  Lastly, because of this Order, the Court DENIES as moot Defendants' Motion to Dismiss [Dkt. No. 9], Petitioner's Motion for Preliminary Injunction [Dkt. No. 19], and Petitioner's Motion to Expedite and/or Request for Immediate Release to Make Habeas Remedy Effective [Dkt. No. 34].

Dated this 21st day of June 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE